UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. S2-4:17 CR 526 RLW / DDN |
| | ) | |
| KURT WALLACE and | ) | |
| JAMES FLANNEL, | ) | |
| | ) | |
| Defendants. | ) | |

### **FINDING THAT CASE IS COMPLEX**

The government has renewed its motion (Doc. 211) that the Court again designate this case a complex case under the Speedy Trial Act, 18 U.S.C. § 3161(h), *et seq*. No defendant has objected to this motion. And each defendant at his or her arraignment moved for an extension of time in which to consider filing pretrial motions or a waiver thereof.

In its motion and orally at the arraignments, the government disclosed and defendants have not contested the government's description of the complexity and seriousness of this case. The original indictment charged three defendants in ten counts of serious crimes, involving the shooting death of an individual. That indictment has been superseded twice. Now in the second superseding indictment, defendant Kurt Wallace is charged in fourteen counts and defendant James Flannel in two counts. The charges involve unlawful possession of firearms, several instances of armed carjackings, a drug trafficking conspiracy, two murders, attempted escape from custody, and actual escape from custody. Defendant Wallace faces a possible death penalty upon conviction.

The complexity of the factual issues, the nature of the prosecution, and the number of incidents at issue make it unreasonable to expect adequate preparation for pretrial proceedings and for the trial itself within the default time limits established by the Speedy Trial Act, 18 U.S.C. § 3161.

The Court has considered the bases of the government's motion, including the complex and grave nature of the offenses charged against defendants, the very extensive pretrial discovery the government has produced and will produce to defendants in the future, the information set

forth in the government's instant motion, and the fact that government counsel have stated that it has arguably suppressible evidence against both of the arraigned defendants.

Upon this record, the court finds and concludes, after taking into account the exercise of due diligence by defense counsel, that this case is so unusual and so complex that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself to occur within the time limits established by the Speedy Trial Act.  To deny this case a complex case status would be a miscarriage of justice.  And it would deny the parties a reasonable period of time necessary for effective investigation, and preparation and filing of pretrial motions.  Further, the ends of justice served by granting the motion of the government outweigh the best interests of the public and of the defendants in a speedy trial.

Therefore,

**IT IS HEREBY ORDERED** that the motion of the United States for a finding by the Court that this is a complex case under the Speedy Trial Act (Doc. 211) **is sustained.**

　　　　　　　　　　　　　　　　　　　　　　/s/ David D. Noce　　　　　　　
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**

Signed on November 20, 2019.